IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02464-BNB

THOMAS O'HARA,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
ALLAN F. STANLEY, Chairman, Colorado Division of Adult Parole, Parole Board,
CHAMOIS FANELLI-ARMENTROUT, Parole Officer, and
LAWRENCE ULLO, Parole Supervisor/Designee,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 0 2007

GREGORY C. LANGHAM
CLERK

---

ORDER CONSTRUING ACTION AS A 28 U.S.C. § 2241 AND DIRECTING PLAINTIFF
TO FILE CLAIMS ON A § 2241 COURT-APPROVED FORM

---

Plaintiff Thomas O'Hara currently is held at the El Paso Criminal Justice Center in Colorado Springs, Colorado. On November 29, 2006, Mr. O'Hara submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 seeking an order by the Court that directs Defendants to immediately release the parole hold against him and to release him from parole if he is acquitted of the new criminal charge or if the new charge is dismissed.

The Court must construe the Complaint liberally because Mr. O'Hara is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his

poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

Plaintiff is challenging the execution of his sentence. His claims more appropriately are dealt with in a 28 U.S.C. § 2241 action. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Accordingly, it is

ORDERED that the action is construed as an Application filed pursuant to 28 U.S.C. § 2241 as opposed to a Complaint filed pursuant to 42 U.S.C. § 1983. It is

FURTHER ORDERED that the Clerk of the Court shall alter the Docket in the instant filing to reflect the proper nature of the action. It is

FURTHER ORDERED that Mr. O'Hara complete and file with the Court a 28 U.S.C. § 2241 Application form **within thirty days from the date of this Order**. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. O'Hara two copies of the 28 U.S.C. § 2241 Application form. It is

FURTHER ORDERED that if Mr. O'Hara fails to complete and file with the Court a 28 U.S.C. § 2241 Application form within **thirty days** from the date of this Order, the action will be dismissed without prejudice and without further notice. It is

FURTHER ORDERED that the Court will not review the merits of the action until Mr. O'Hara has filed the 28 U.S.C. § 2241 Application form. It is

FURTHER ORDERED that the Court's January 8, 2007, Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial Partial Filing Fee is vacated. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on November 29, 2006, is treated as a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and is granted.

DATED January 10, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02464-BNB

Thomas O'Hara
Prisoner No. 100981
El Paso County Det. Facility
2739 E. Las Vegas St.
Colorado Springs, CO 80907

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 1/10/07

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk